## DANIEL RICE v. MEDAD HARVEY.

1. JUSTICES JUDGMENTS; *When Not Reviewable on Error.* Where an action has been tried in a justice's court to a jury, and judgment rendered for the plaintiff, and no motion made for a new trial, the district court cannot upon a petition in error reverse such judgment on account of the partiality of the justice in his rulings, or for the admission of incompetent testimony against the objection and subject to the exception of the defendant.

2. APPEAL— *The Proper Remedy.* A party aggrieved by the final judgment of a justice of the peace, has a proper and adequate remedy by means of the appeal allowed by statute to be taken to the district court.

*Error from Atchison District Court.*

THE district court, at the March Term 1876, on petition in error wherein *Rice* was plaintiff in error, and *Harvey* was defendant in error, affirmed the judgment of a justice of the peace. *Rice* now brings the record to this court for review. All necessary facts are stated in the opinion.

*D. Martin,* for plaintiff in error:

During the trial before the justice, hearsay evidence of the most mischievous character was permitted to go to the jury, over the objections of plaintiff in error. Statements prejudicial to Rice's title, made by one who was neither agent nor attorney for Rice at the time that he is said to have made the statements, were admitted. Such testimony was not given for the purpose of contradicting the supposed agent, for he was not a witness in the case. It appears from the record that the hearsay statements of such party were given as substantive testimony in support of Harvey's title. This incompetent testimony was of the most mischievous character; for it related to the title of the property, the very essence of the controversy.

The defendant in error claims that the proceedings are not subject to review, because no motion for a new trial was made in the justice's court. There is no statute requiring a defeated party in any inferior court to ask for a new trial in the same court as a prerequisite to obtaining a review in an appellate court *on a question of law.* Such a notion is in direct conflict with the statute law of this state, which prescribes the terms on compliance with which a defeated party may ask the corrective interference of the appellate court. The cases mentioned in section 563 of the code, (Gen. Stat. 741,) are not exceptions to the rule, for in such cases no question has ever been passed upon by the court. If a question of law has been once fairly presented to and passed upon by the inferior court, and exception taken to the ruling, the statute gives the right of review in the appellate court, and there is no more

Rice v. Harvey.

statutory authority for requiring the question to be presented a second time to the same court than for requiring it to be presented a third, a tenth, or an hundredth time. Under such a notion a party might be compelled to have a dozen trials before an inferior court, and each time with the full assurance of defeat, before he can obtain the boon of a decision of the supreme court settling the law of his case. We know of no cases in the state holding such a doctrine unless it be *Nesbit v. Hines,* 17 Kas. 316, and *Hover v. Cockins,* 17 Kas. 518, which cases seem to be in direct conflict with the reasoning of the court in *Lender v. Caldwell,* 4 Kas. 349. We think the case in 4 Kas. is the true exposition of our statute law on this point.

The grounds for a new trial in justices courts are few. They are all embraced under the following heads: 1st, where the verdict is obtained by fraud, partiality or undue means; 2d, where the verdict is not sustained by sufficient evidence; 3d, where the verdict is contrary to law. (Laws of 1869, p. 146.) Our complaint is not based upon any of these grounds. We have no objection to the form or sufficiency of the verdict, and do not claim that it was obtained by any fraud or undue means used by the defendant in error, nor by partiality of the justice or the jury, and the case is not here on the evidence. We complain of a ruling of the justice admitting incompetent evidence of a very prejudicial nature, against our objection, and subject to our exception. We do not complain of any act or decision of the jury. A verdict favorable to defendant in error was inevitable under the evidence complained of, which was erroneously admitted as competent. We complain on account of error of law occurring at the trial, and excepted to at the time. This is not one of the causes for a new trial in a justices court. We have done all that the law requires to entitle us to relief against the errors of the justice. Because of "error appearing on the record," we think it is the duty of this court to reverse the judgment of the court below, and remand the cause with directions to reverse the judgment of the justice, and for further proceedings.

*Manley & Tufts,* for defendant in error:

Seven witnesses were introduced, and gave testimony in behalf of plaintiff, now defendant in error, at the trial before the justice. No word of all this testimony is preserved, save the one question and answer to which exception is taken. No case should be reversed upon such an imperfect and one-sided record. Such practice if encouraged will reverse all cases tried in justices courts. The matter of agency, is a question of fact for the jury; and the jury must have considered it fully proven. The point should have been saved by a special finding of fact, or by an instruction, or by a motion to strike out the objectionable testimony after all the evidence as to agency was before the court.

If there was sufficient legal and competent evidence upon which to base the verdict and judgment, as returned and rendered in the justice's court, (and such a state of facts will be presumed until the contrary is affirmatively shown; 15 Kas. 323; 17 Kas. 297; 6 Kas. 128,) then no material error is even assigned in this case. Hence the assignment of error, if it amounts to anything, amounts to this: that the verdict and judgment are not sustained by sufficient evidence. Plaintiff in error has not shown this. He has not placed himself in a position to show it. (16 Kas. 419.) No special findings were requested or made. Plaintiff in error did not even ask for a new trial. Opportunity should be given to correct error in the court where it is made. Under these circumstances the principle laid down in *Ayres v. Crum,* 13 Kas. 269, applies; and the judgment of the justice is final in this case.

The alleged error is one for which a new trial may be granted. No new trial was asked for. 17 Kas. 316, 518. There is just as much reason for requiring a motion for a new trial in a justice's court as in district court; it is even more important in the interest of justice, and to save expensive litigation.

The opinion of the court was delivered by

HORTON, C. J.: Harvey brought an action of replevin against Rice, before a justice of the peace. He obtained possession of the property in controversy upon the order of delivery, and at the trial he obtained judgment for the retention of the property, and also for costs, taxed at $33.90. The cause was then taken up from the decision of the justice's court on error to the district court, and having been there affirmed, is now presented to this court for a review of the decision of the district court. The plaintiff in error complains, that the justice admitted incompetent evidence of a very prejudicial nature, against his objection, and subject to his exception. The evidence complained of was embodied in a bill of exceptions allowed and signed by the justice before whom the case was tried, and made a part of the record of the cause. No motion was made for a new trial before the justice; and the defendant in error now insists, that the plaintiff in error has no remedy by petition in error, and that the action of the district court therefore must be affirmed. In this view of the case the latter counsel are sustained by the decisions of this court. *Ayers v. Crum,* 13 Kas. 269; *Nesbit v. Hines,* 17 Kas. 316; *Hover v. Cockins,* 17 Kas. 518. If the ground of error alleged by plaintiff in error is one of the causes for which a new trial may be granted in a justice's court, then, by the frequent adjudications of this court, such error is waived by the neglect of the party to move for a new trial. On the other hand, if the counsel of plaintiff in error is correct in his argument, that the complaint which he makes against the action of the justice is not one of the causes for a new trial in a justice's court, he is excluded by such reasoning from obtaining a new trial by the discretion of either this court, or the district court. "A party has no abstract inherent right to a new trial. He has a right because, and so far only as, the statute gives it to him." *Nesbit v. Hines,* supra.

1. Justices judgments; petition in error to district court.

The reasons for requiring a second presentation of alleged errors on the part of the tribunal trying a cause, before such errors are subject to review in this court, are much stronger for errors occurring at the trial of a case before a justice than in the district court. The law provides, that when a party is aggrieved by the final decision of a justice he may appeal to the district court, in most cases; and upon such appeal he can have a trial *de novo* upon the merits of the case. ‑ No such right is granted where a party brings his case here from the judgment of a district court. We can only review the rulings of the district court upon questions of law. In this case, if the plaintiff in error was prevented from having a fair trial by any ruling of the justice, even if he could not apply for a new trial before the justice he had ample remedy by appeal to the district court. *Martin v. Armstrong*, 12 Ohio St. 548. If the law gives him all of this protection, he ought not to complain because he has not the additional remedy by petition in error. Again, it is not to be expected that causes will be tried with the same judicial care, attention and precision by justices of the peace as by the district judges, who are elected on account of their ability, learning, and experience as lawyers; and therefore the importance of restricting the removal of cases by error from justices courts within all the fair intendments of the law. If this case could be reversed for the single erroneous ruling of the trial justice, almost every case tried before a justice, where the beaten party was represented by as learned, cautious, and watchful an attorney as now argues for a reversal, would be set aside, and justices courts would literally become "courts of errors." Such a practice is not in consonance with the spirit of our laws, nor the language of our decisions.

2. Appeal from final judgment; proper remedy.

The judgment of the district court will be affirmed.

All the Justices concurring.