## THOMAS H. HOLLAND v. EMANUEL MUDENGER.

NEW TRIAL; *Motion, When to be Filed.* Where an action has been tried in a justice's court to a jury, and judgment rendered for one of the parties, and no motion for a new trial is made, the district court cannot reverse the judgment upon allegations in the petition in error that the justice erred in admitting incompetent evidence, in rejecting relevant testimony, in directing the jury, or for other errors of law occurring on the trial.

*Error from Doniphan District Court.*

AT the September Term, 1878, of the district court, *Mudenger*, as plaintiff, had judgment against *Holland*, as defendant, who brings the case to this court. The facts sufficiently appear in the opinion.

*Albert Perry*, for plaintiff in error.

*Nathan Price*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This case was originally brought before a justice of the peace of Doniphan county by the plaintiff in error against the defendant in error, to recover damages for destroying a hedge fence, and also certain growing wheat. On the trial before the justice, the plaintiff recovered judgment for $35 and costs. Thereupon, the defendant in error took the case to the district court on error, and obtained a reversal of the judgment. The alleged errors which the district court was called to pass upon are as follows:

1st. That the court erred in the instructions given to the jury on the trial of the said action, to which the said Mudenger duly excepted.

2d. That the said court erred in refusing to give the instructions which the said Mudenger prayed the court to give.

3d. That the court erred in permitting the counsel of said Holland to read the instructions on the part of said Holland to the jury in his closing argument to the jury, the said instructions not having been before read to them; to which the said Mudenger then and there duly objected and excepted.

4th. That the court erred in ruling out the evidence offered by the said Mudenger on the trial of said action.

5th. The court erred in admitting evidence of Holland to which the said Mudenger objected.

6th. That the said judgment was given for the said Holland, when it should have been given for the said Mudenger, according to the laws of Kansas.

7th. That the facts set forth in the bill of particulars of said Holland are not sufficient in law to maintain the aforesaid action against the said Emanuel Mudenger.

There can be no question but that the bill of particulars was amply sufficient, and the only question in the case is, whether the record before the district court authorized the ruling made by that court, and the judgment rendered. No motion had ever been made to set aside the verdict before the justice, or for a new trial; and within the cases of *Nesbit v. Hines,* 17 Kas. 316; *Rice v. Harvey,* 19 Kas. 144; and *City of Atchison v. Byrnes,* ante, p. 65, the district court had no valid right to reverse the judgment of the justice. Its action in that regard was erroneous. Counsel intimate in their briefs that the judgment was in fact reversed, because the justice did not require the defendant to file a sworn answer, so that he might have the case certified to the district court, on the ground that the title to real estate was an issue in the case. No such question was presented to the district court by the petition in error of the defendant, and the want of jurisdiction of the justice is nowhere raised in the record.

Counsel for defendant suggests that the order complained of is not reviewable, for the reason, as he alleges, that there is no judgment or final order in the district court. This suggestion is based upon a misapprehension of the record. The judgment of the justice of the peace was reversed, and judgment rendered against plaintiff for all costs. This judgment is subject of review here.

The judgment of the district court will be reversed, and the case remanded with directions to the court below to render judgment in favor of the plaintiff in error, Thomas H. Holland, in that court, or to remand the cause to the justice with its order of affirmance.

All the Justices concurring.