## MATT. KERNER v. HENRY PETIGO.

NEW TRIAL, *Wrongly Granted.* Where a case is tried before a justice of the peace without a jury, and the justice renders a judgment therein, the justice has no power five days thereafter to entertain a motion for a new trial, and to grant the new trial.

### *Error from Johnson District Court.*

AT the June Term, 1880, of the district court, *Petigo* had judgment against *Kerner*, who brings the case here. The nature of the action, and the facts, appear in the opinion.

*John A. Rankin*, and *A. Smith Devenney*, for plaintiff in error.

*Burris & Little*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On March 29, 1880, Henry Petigo commenced an action before a justice of the peace of Johnson county, Kansas, against Matt. Kerner, claiming $40 damages for trespass alleged to have been committed by Kerner upon the real estate of Petigo. Kerner filed a bill of particulars denying generally all the allegations of the plaintiff's bill of particulars, and setting forth a set-off against Petigo of $33.40 on an account. On April 2, 1880, a trial was had before the justice without a jury. Petigo introduced his evidence, and rested. Kerner then proceeded to introduce his evidence, and with reference thereto the justice's docket shows, among other things, as follows:

"Matt. Kerner, the defendant, testified on behalf of defendant. The question being asked of defendant, what purpose he had in planting the buckwheat? Objected to by plaintiff, the ground of objection being that it had not been proved that witness was an expert; the decision of court being that defendant might ask the witness if he is a farmer. The question being asked and answered affirmatively, there was no further ruling of the court. At this juncture in the

proceedings the plaintiff's counsel announced in open court that no further proceedings would be participated in by the plaintiff, and that the court might enter judgment against plaintiff for the sum of $33.40 and costs of suit."

The court thereupon rendered judgment in accordance, with the consent of Petigo, in favor of Kerner and against Petigo, for the sum of $33.40 and costs. Five days thereafter, and on April 7, 1880, Petigo filed a motion for a new trial, which motion reads as follows:

"And now comes the plaintiff and moves the court to set aside and vacate the judgment rendered in the above case, and give the plaintiff a new trial for the following reasons, to wit:

"1. Irregularity in the proceedings of the court.

"2. Accident and surprise which ordinary prudence could not have guarded against.

"3. That the court rendered a judgment for the whole of the defendant's claim, when it was the intention of the plaintiff to allow judgment for costs only.

"4. That the court erred in rendering a judgment in favor of the defendant for the amount claimed in defendant's bill, for the reason that the defense set up in said bill was not a proper set-off against the plaintiff's cause of action."

This motion was sustained by the justice, and his docket entry thereof reads as follows:

"APRIL 7, 1880.—Motion filed by the plaintiff for a new trial, of which motion the court finds that the defendant has had due notice, and thereupon this cause came on to be heard upon the said motion for a new trial, and the plaintiff appeared by Burris & Little, his attorneys, and as well came the defendant by his attorneys, Hutchinson & Rankin; and the court having heard the facts in the case as presented by the attorneys in their arguments, and the law read, and arguments of counsel, doth sustain said motion, and does grant the plaintiff a new trial; and the trial of this cause, by consent of defendant and plaintiff herein, is set for hearing April 19, 1880, at 12 o'clock M. of said day, to which the defendant excepts to the ruling of the court granting a new trial to plaintiff."

On April 19, 1880, the justice called the case for trial, and Petigo appearing and Kerner not appearing, the justice heard

Petigo's evidence and rendered judgment in favor of Petigo and against Kerner, for $40 damages and $87.50 costs. These costs included the costs of both trials. On May 8, 1880, Kerner filed a petition in error in the district court of Johnson county, asking for a reversal of all the proceedings of the justice had in the case after the first judgment was rendered therein. Kerner filed affidavits and made motions for the purpose of procuring the original docket of the justice of the peace, to show that the new trial was granted on April 9, 1880, instead of on April 7, 1880, as the transcript of the justice's docket appeared to show; but the court overruled his motion. The case was then heard in the district court upon the petition in error and the said transcript from the justice's docket, and the court below affirmed the second judgment rendered by the justice of the peace; to which Kerner excepted, and now brings the case to this court for review.

The statute authorizing new trials in civil actions in justices' courts reads as follows:

"SEC. 110. It shall be lawful for the justice before whom a cause has been tried, on motion of the party aggrieved, and being satisfied that the verdict was obtained by fraud, partiality or undue means, or that the verdict is not sustained by sufficient evidence, or is contrary to law, at any time within five days after the day of trial to grant a new trial; and he shall set a time for the new trial, of which the opposite party shall have at least three days' notice." (Comp. Laws of 1879, p. 718.)

It is also provided in the justices' code as follows:

"SEC. 185. The provisions of an act entitled 'An act to establish a code of civil procedure,' which are in their nature applicable to the jurisdiction and proceeding before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

Section 306 of the code of civil procedure provides for granting new trials in the following among other cases: *First*, Irregularity in the proceedings of the court; *third*, accident or surprise which ordinary prudence could not have guarded against. But there is no statute providing for granting a new trial for either the third or fourth ground set forth in the

plaintiff's motion for a new trial in the justice's court, unless these grounds are contained in the first and second grounds of his motion.

The plaintiff in error, Kerner, claims that the justice of the peace had no power or authority to set aside the judgment which had been rendered in his favor, and to grant Petigo a new trial; and he claims this upon various grounds and for various reasons:

1. He claims that a justice of the peace has no power to grant a new trial, except under said §.110; and he further claims that a justice of the peace has no power under that section to grant a new trial except where the trial has been by a jury; and it is admitted that in this case the trial was not had by a jury.

2. He further claims that the grounds set forth in Petigo's motion for a new trial are not the grounds mentioned in said § 110 for a new trial.

3. He claims that the grounds, as in fact set forth by Petigo for a new trial, or as they would be set forth if set forth under said § 110, are not and would not be true, as the record of the justice of the peace shows.

4. He further claims that the new trial was not granted within five days as said § 110 requires.

5. He further claims that § 306 of the civil code is not by virtue of § 185 of the justices' code, applicable to proceedings granting new trials in justices' courts, for the reason that § 110 furnishes special provisions covering the whole ground for granting new trials in justices' court.

6. He further claims that the motion for a new trial in the justice's court was not filed within *three days* after the judgment was rendered, nor at the same *term* at which it was rendered, as is required by the code of civil procedure. (Civil Code, § 308.) It is admitted in this case that the motion for a new trial was not filed until five days after the judgment was rendered.

7. He also claims that even if § 306 of the civil code is applicable to granting new trials in justices' courts, still that the

grounds alleged for a new trial in this case are not true,. as is shown by the record of the justice of the peace.

In answer to Kerner's claim that the justice of the peace had no power in this case to grant a new trial, Petigo's counsel make the following argument in this case in their brief:

"The first proposition advanced by the plaintiff in error is, that a justice of the peace has no power to set aside his own judgments, and that § 110 of the justices' code only applies to cases tried by a jury; but we believe with the trial court, that under that section, there is power to set aside the judgment of the court and grant a new trial. But we contend that independent of § 110 of the justices' code, a justice of the peace has such power. Section 185 of the justices' code makes the code of civil procedure applicable to proceedings before justices of the peace. So we contend that under § 306 of the civil code, the judge of· the district court may set his judgments aside for the reasons therein specified. It would be absurd to say that a judge of the district court, who is elected on account of his legal learning, can set his judgments aside, but that a justice of the peace, who may have no legal learning, yet, seeing his error, has no such power. But is § 306 'in its nature applicable to proceedings before justices of the peace'? We certainly think that if the *judge* can set aside his judgment for 'irregularity in the proceedings of the court,' that this is applicable to a justice, and he may set his judgment aside for the same reason."

We are inclined to think that the plaintiff in error is correct. Section 110 of the justices' code does not authorize a new trial to be granted in. any case, except where there has been a "verdict;" and the word "verdict" has a well-defined signification in law. It means the decision of a jury, and it never means the decision of a court, or a referee, or a commissioner. (See Abbott's Law Dict.; title, *Verdict.*) In common language the word "verdict" is sometimes used in a more extended sense, but in law it is always used to mean the decision of a jury; and we must suppose that the legislature intended to use the word as it is used in law. And there can be no great hardship in not conferring authority upon justices of the peace to grant new trials, where the case has been tried by the justice alone. In all such cases the defeated

party can take an appeal to the district court, if he chooses to do so; and in many such cases he would also have an ample remedy by petition in error. The defeated party may always have a new trial if he wants it, by simply taking an appeal to the district court, and sometimes he can have a new trial by taking the case to the district court on petition in error.

We also think that the claim of plaintiff in error that § 306 of the civil code is not applicable to granting new trials in justices' courts, is correct. Section 185 of the justices' code makes the provisions of the civil code applicable to proceedings before justices of the peace, only where there is no special provision otherwise made by statute; and special provision for granting new trials in justices' courts is specifically made by said § 110; and although the grounds therein given, authorizing the granting of new trials, are limited and few in number, yet evidently it was intended by the legislature that that section should cover the whole ground for the granting of new trials in justices' courts. There is not the necessity for conferring power upon justices' courts, or upon any other courts of limited and inferior jurisdiction, to grant new trials where the parties have ample remedy by appeal, that there is for conferring such power upon superior courts, where the judgment of the court cannot be appealed from, but where the only remedy for an erroneous decision or judgment is by petition in error. Where an appeal is taken, everything is tried *de novo;* the whole case is again tried upon the law and the facts; but where a petition in error only is presented, nothing but errors of law appearing upon the face of the record are inquired into. Besides, after a justice of the peace has rendered his final judgment in a case, has not the "term" for that case closed, so that no motion for a new trial can be filed within that "term," as required by § 308 of the civil code?

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.