## E. M. MILLS v. THE KANSAS LUMBER COMPANY.

1. CHATTEL MORTGAGE; *Description, When Sufficient.* In an action of replevin for a certain bay horse, the plaintiff claimed the property by virtue of a chattel mortgage, executed November 2, 1878, by R., to the plaintiff, and recorded November 4, 1878, and kept alive by proper affidavits, and the defendant claimed the property by virtue of an attachment issued September 22, 1880, in favor of G. and against R., and levied on the property September 22, 1880, by the defendant, as sheriff

Mills v. Kansas Lumber Co.

of McPherson county, Kansas. The defendant claimed that the chattel mortgage was void because of the insufficiency of the description of the mortgaged property. The description of the property, as set forth in the chattel mortgage, reads as follows:

"One brown mare mule, aged 4 years; one bay horse, aged 6 years; one bay mare, aged 12 years; one yoke of red oxen, 5 years old; one Brown corn scraper and belting, complete; 40 acres of growing wheat on the northwest ¼ of section 14, town 21, range 4, west; I agree to harvest, thresh and crib said grain to the order of the Kansas Lumber Co.; one cook stove and fall-leaf table, and all kitchen furniture; one Marsh harvester, one horse power, and all being in my possession, owned by me, and I herewith represent and guarantee same free from an incumbrance of every name and nature, and to be my own; one set double harness and double-barrel shot-gun additional. . . . The property sold is to remain in possession of said party of the first part until default be made in the payment of the debt and interest aforesaid, or some part thereof; but in case of a sale or disposal, or attempt to sell or dispose of the same, or a removal of or attempt to remove the same from McPherson county, or an unreasonable depreciation in the value, or if from any other cause the security shall become inadequate, the said parties of the second part may take such property, or any part thereof, into their own possession.".

The evidence on the trial showed that the horse in controversy was a bay horse, although he had two white feet and some white spots on his back; that he was owned by and was in the possession of R. at the time he executed the mortgage; that it was the only bay horse that R. owned or possessed; and that he was about the age mentioned in the mortgage. The evidence on the trial also showed that R. resided on the quarter-section of land described in the mortgage, in McPherson county, Kansas, and that the horse was in his possession in said county. The evidence also showed that the defendant attached the property in McPherson county as the property of R.; and that he was then told by a son of R.'s that he, the son, got the horse from R., subject to a mortgage. *Held*, Under the circumstances of this case, that the description of the property contained in the chattel mortgage is sufficient; that the defendant was bound to take notice of the mortgage; that he was bound to know that a bay horse, 6 years old in 1878, owned by and in the possession of R., was mortgaged; and that the property mortgaged was in McPherson county on November 2, 1878, when the mortgage was executed; and that he could have ascertained by inquiry that this was the only bay horse owned or possessed by R.; that he was owned and possessed in McPherson county, and that the defendant knew when he attached the property that he attached it in McPherson county, and as the property of R.; and that it was mortgaged, and therefore, that as between the mortgagee and the defendant, the description in the mortgage must be held to be sufficient. And *held*, generally, that a description in a chattel mortgage which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the mortgaged property, is sufficient.

2. REPLEVIN; *Chattel Mortgage; Practice.* In an action of replevin before a justice of the peace, where the plaintiff founds his action and his entire claim to the property in controversy upon a chattel mortgage, and gives a copy of his chattel mortgage in his original pleadings, and makes it a part thereof, and the defendant does not deny the execution of such chattel mortgage by any affidavit, *held,* that it is not necessary for the plaintiff to prove the execution or existence of such chattel mortgage; nor is it necessary to prove the amount that appears to be due thereon.

3. ——— *Practice.* Where an action is tried before a justice of the peace without a jury, and it is claimed that the finding of the justice is not sustained by sufficient evidence, *held,* that that question cannot be taken to the district court on petition in error.

4. JUDGMENT *in Replevin, Form of.* In an action of replevin before a justice of the peace, where the plaintiff obtains possession of the property and retains the same, and is in possession of the property at the time the judgment is rendered, *held,* that it is not necessary or proper to render a judgment in favor of the plaintiff for the value of the property in case a return thereof cannot be had.

### *Error from McPherson District Court.*

REPLEVIN, brought by the *Kansas Lumber Company* against *Mills*, for the recovery of a horse. Trial at the October Term, 1880, of the district court, and judgment for the plaintiff. *Mills* brings the case here. The facts appear in the opinion.

*Closson & Bowden,* and *Garver & Bond,* for plaintiff in error.

*Waller & Earle,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought before a justice of the peace, by the Kansas Lumber Company against E. M. Mills, for the recovery of a horse. After judgment in favor of the plaintiff, the defendant took the case to the district court on petition in error, where the judgment of the justice of the peace was affirmed. The defendant in the justice's court, plaintiff in error in the district court, now brings the case to this court, and asks that both the judgment of the district court and of the justice of the peace be reversed. Both parties admitted on the trial in the justice's court, and now admit, that the property belonged originally to John G.

Raner, and both claimed and now claim under him. The plaintiff in the justice's court claimed by virtue of a chattel mortgage, executed November 2, 1878, by Raner to the plaintiff, and recorded November 4, 1878, and kept alive by proper affidavits; and the defendant in the justice's court claiming by virtue of an attachment, issued September 22, 1880, in favor of Gammon & Deering and against the property of Raner, and levied on the property in controversy on September 22, 1880, by the defendant as under-sheriff of McPherson county. The defendant in the justice's court, plaintiff in error in this court, claims that the chattel mortgage was and is void because of the insufficiency of the description of the mortgaged property, and claims that both the justice of the peace and the district court erred in holding this description sufficient. The description of the property reads as follows:

"One brown mare mule, aged 4 years; one bay horse, aged 6 years; one bay mare, aged 12 years; one yoke of red oxen, 5 years old; one Brown corn scraper and belting complete; 40 acres of growing wheat on the northwest $\frac{1}{4}$ of section 14, town 21, range 4, west; I agree to harvest, thresh and crib said grain to the order of the Kansas Lumber Company; one cook stove and fall-leaf table and all kitchen furniture; one Marsh harvester, one horse power; and all being in my possession, owned by me, and I herewith represent and guarantee same free from an incumbrance of every name and nature, and to be my own; one set double harness and double-barrel shot gun additional. . . . The property sold is to remain in possession of said party of the first part until default be made in the payment of the debt and interest aforesaid, or some part thereof; but in case of a sale or disposal, or attempt to sell or dispose of the same, or removal or attempt to remove the same from McPherson county, or an unreasonable depreciation in the value, or if from any other cause the security shall become inadequate, the said parties of the second part may take such property, or any part thereof, into their own possession."

This is a very imperfect description. We do not think that so bad a description has ever been sustained by this court; and yet, under all the circumstances of this case, we think this description must be held to be sufficient. The property

37 — 26 KAS.

in controversy is the "one bay horse, aged six years," mentioned in the above description. The evidence shows that the horse in controversy is a bay horse, although he has two white feet and some white spots on his back; that he was owned by and was in the possession of Raner at the time he executed the mortgage; that he was the only bay horse which Raner owned, or of which he had possession; and that he was about the age mentioned in the mortgage. The description shows the very quarter-section on which a part of the mortgaged property was situated; and it shows, by inference, that all the property was situated in McPherson county, for if it had not been in McPherson county, it could not have been removed therefrom. The evidence introduced on the trial showed that Raner lived on the quarter-section described in the mortgage, and on which the wheat was growing, in McPherson county, and that he had the horse in controversy in his possession in said county and on said quarter-section. When the defendant attached the property, he attached the same in McPherson county, as the property of said John G. Raner, and was then told by a son of Raner's that he, the son, "got him [the horse] from John G. Raner, subject to a mortgage." John G. Raner was then in Oregon. The mortgage had also been duly filed in the office of the register of deeds of said McPherson county. The mortgage was filed November 4, 1878, and was duly kept alive by proper affidavits; and the property was attached September 22, 1880.

We think, under the circumstances of the case, the description of the property in the chattel mortgage is sufficient. Of course the description in the mortgage is not sufficient to enable a third person, without the aid of other facts than those contained in the mortgage, to identify the horse; but that is not necessary. A description which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient. Indeed, personal property can seldom be so described in any instrument as to enable a stranger to select it from other property of like kind, without the aid of

1. Description of mortgaged property, sufficient.

other facts than those mentioned in the instrument itself.
The name of the horse in the present case was "George," but
there may have been several other horses in the same county
by the same name, and a stranger could not tell, without in-
quiries, what this horse's name was, or whether it was one of
the horses whose name was George, or not. Resort must be
had in nearly all cases to other evidence than that furnished
by the mortgage itself, to enable third persons to identify
mortgaged property; and generally where there is a descrip-
tion of the property mortgaged, and the description is true,
and by the aid of such description, and the surrounding cir-
cumstances, the third person would, in the ordinary course of
things, know the property that was mortgaged, the descrip-
tion should be held to be sufficient. In the present case, the
defendant, Mills, was bound to take notice of the mortgage,
for it had been properly recorded. He was bound to know
that a bay horse, six years old in 1878, owned by and in the
possession of John G. Raner, was mortgaged. We think he
was bound to know from the mortgage itself, that the prop-
erty was situated in McPherson county on November 2, 1878,
when the mortgage was executed; and by inquiry he could
have ascertained that this was the only bay horse which Raner
either owned or possessed, and that he owned and possessed
the same in McPherson county, and he knew when he at-
tached this property, that he attached it in McPherson
county, and as the property of Raner, and that it was mort-
gaged. Under such circumstances, we think, as between the
mortgagee, the Kansas Lumber Company, and the defendant,
Mills, we must hold that the description was and is sufficient.

The defendant in the justice's court, plaintiff in error in the
district court and in this court, claims that error was also
committed in rendering judgment in favor of the plaintiff in
the justice's court, and against the defendant in that court,
without sufficient proof of the execution of the chattel mort-
gage, or that anything remained due thereon. There are two
answers to this claim of error: 1. The plaintiff in the justice's
court founded its action and its entire claim to the property

in controversy, upon its chattel mortgage, and it gave a copy of its chattel mortgage in its original pleading, and made the same a part of its bill of particulars; and this chattel mortgage showed that there was still $339.51 due thereon; and the defendant in the justice's court did not file any affidavit denying the execution of such mortgage; therefore it was not necessary to prove the execution of the mortgage, or, to prove the amount due thereon. (Justices' Code, § 84.) 2. A party cannot have errors of law occurring at the trial reviewed by an appellate court, unless he has made a legal and sufficient motion for a new trial, presenting the matters complained of to the trial court. (*Rice v. Harvey*, 19 Kas. 144; *Lucas v. Sturr*, 21 Kas. 480; *City of Atchison v. Byrnes*, 22 Kas. 65, 67, 68; *Gruble v. Ryus*, 23 Kas. 195, 196, and cases there cited; *Holland v. Mudenger*, 22 Kas. 731.) And in the present case the defendant did not have any right to move for a new trial upon the ground stated in his motion.

*2. Replevin; chattel mortgage; practice.*

This case was tried by the justice of the peace, without a jury; and the only ground set forth in the defendant's motion for a new trial, was, that the "verdict" was not sustained by sufficient evidence. A party has no right to a new trial in such a case. (*Kerner v. Petigo*, 25 Kas. 652, 656, 657.) There really was no "verdict" in the present case, but only a *finding* and judgment of the justice of the peace. And as the defendant had no right to a new trial, he did not raise the question as to the sufficiency of the evidence in any legal manner, or in any form which could be reëxamined by any appellate court. The defendant's motion for a new trial was rightfully overruled by the justice of the peace; because, under the circumstances, he had no right to a new trial, even though it should be conceded that the proof of the plaintiff's case may not have been sufficient to sustain the finding of the justice. The defendant's only remedy, if he was really aggrieved, was, under the circumstances, by appeal to the district court.

*3. Practice.*

The defendant, plaintiff in error in this court, claims that the justice of the peace also committed error in rendering

judgment only for a return of the property, and not in the alternative for a return of the property, or for the value thereof in case a return could not be had. The judgment, however, although not quite in form, was correct. The plaintiff, when it replevied the property, retained the possession thereof, and had the possession at the time the judgment was rendered; and therefore there was no necessity for any judgment for the value of the property in case the property could not be returned to the plaintiff. The plaintiff already had the property in its possession, and was entitled to retain the same; and it had no right to a judgment for the value thereof.

4. Judgment in replevin, form of.

The judgment of the court below will be affirmed.

All the Justices concurring.