THE HART PIONEER NURSERY COMPANY V. HENRY M. SCRUGGS.

RULING, *When Not Reviewed in District Court.* A ruling of a justice of the peace on the trial, in admitting testimony or excluding the same, against and over the objections of a party thereto, cannot be reviewed by the district court on petition in error.

*Error from McPherson District Court.*

ACTION brought before a justice of the peace by *Scruggs* against *The Hart Pioneer Nursery Company,* a corporation organized and doing business under the laws of the state of Kansas, to recover for services claimed to have been rendered by plaintiff for defendant. Judgment for plaintiff; the defendant took the cause by petition in error to the district court, wherein, at the April Term, 1885, the judgment of the justice was affirmed. The defendant company brings the case here. Other facts are stated in the opinion.

*Frank G. White,* for plaintiff in error.
*Lucien Earle,* for defendant in error.

Opinion by CLOGSTON, C.: Scruggs brought an action against the Hart Pioneer Nursery Company, to recover for services claimed to have been rendered by him as salesman for the defendant. At the trial before the justice he obtained a judgment for the amount claimed, being $79.45 and costs. The cause was taken to the district court on error, where the judgment of the justice was affirmed. The defendant company has brought the case to this court.

Plaintiff in error complains of the ruling of the justice on the trial in admitting in evidence certain parts of a deposition and a letter written by the plaintiff in error, over the objections of the plaintiff, for the reason that the same was incompetent; and upon examination of the evidence admitted and objected to in the deposition, we are of the opinion

that the same was incompetent and improperly admitted. But if this be correct, can it avail the plaintiff? Defendant in error insists that the plaintiff in error had no remedy by petition in error. This we think correct, and has been so held by this court in *Rice v. Harvey*, 19 Kas. 144, and cases therein cited. Again, this court has since that case repeatedly held that the erroneous admission or exclusion of evidence cannot be reviewed by petition in error. (*Thompson v. Brooks*, 29 Kas. 504; and *Theilen v. Hann*, 27 id. 778.) Therefore, within these authorities, it is immaterial even if the justice did err in the admission of evidence: the remedy is not by error, but by appeal.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.*