## ST. LOUIS, I. M. & S. RY. CO. v. LEWIS.

No. 2831.   Opinion Filed September 23, 1913.

Rehearing Denied November 18, 1913.

(136 Pac. 396.)

1. NEW TRIAL—Grounds—Statute. The causes for which a new trial shall be granted are specified in section 4196, St. Okla. 1893 (section 5033, Rev. Laws 1910); and these causes are exclusive.

2. SAME—Waiver. A cause for a new trial is waived unless it be stated in a motion therefor.

3. SAME—Excessive Damages—Sufficiency of Motion. Excessive damages, appearing to have been given under the influence of passion or prejudice, is a cause for new trial, but not unless so great as per se to indicate such influence of passion or prejudice; and a motion for a new trial on the ground of excessive damages, which does not charge that same appears to have been given under the influence of passion or prejudice, does not comply with the requirements of sections 4196, 4199, St. Okla. 1893 (sections 5033, 5036, Rev. Laws 1910), and is insufficient.

4. CARRIERS—Passenger—Cold Waiting Room—Liability. A railway company, failing to provide its eight by twelve feet, in floor space, separate waiting room for negroes with the comfort of proper heat on a cold day, or with any heat or means thereof whatever other than the inadequate heat of a red hot stove in a remote part of its agent's office room, which is ten by twelve feet in floor space and separated by lattice work from such waiting room, is liable to a negro woman for damages because of pain and suffering from cold endured by her during her wait therein for fifteen or twenty minutes before and more than an hour after its train, upon which she was to become a passenger, was due to arrive.

5. SAME — Injury to Passenger — Proximate Cause — Contributory Negligence. The declination of a negro woman, upon invitation given by defendant railway company's station agent at some undisclosed point of time during her wait, to leave its separate waiting room for negroes, which was not properly heated, nor otherwise than by the stove mentioned in paragraph 4 of this

syllabus, and, passing through its waiting room for white persons, to sit by a fire in his office on a cold day, cannot, as a matter of law, be said to be the sole proximate cause of her pain or suffering from cold during her wait in such waiting room for negroes.

6.    APPEAL AND ERROR—Contributory Negligence—Question for Jury.    Under section 6, art 23 (section 355, Williams' Ann. Ed.), Constitution of Oklahoma, the defense of contributory negligence or of assumption of risk is, in all cases whatsoever, a question of fact, and must, at all times, be left to the jury; and the verdict of the jury is conclusive upon such question.

7.    SAME—Presentation for Review—Cross-Petition in Error.    This court will not consider whether, on the trial of a cause, there was error in a ruling against defendant in error, not involved in any error assigned by plaintiff in error, in the absence of a cross-petition in error.

    (a) Necessity of motion for new trial by cross-petitioner to entitle him to assign such error is suggested, but not decided.

(Syllabus by Thacker, C.)

*Error from District Court, Wagoner County;
Chas. Bagg, Judge.*

Action by Elzora Lewis against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. E. Hemingway, Lovick P. Miles, Thos. B. Pryor,* and *Vincent M. Miles,* for plaintiff in error.

*G. W. P. Brown* and *R. Emmett Stewart,* for defendant in error.

Opinion by THACKER, C.   Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

Plaintiff, a healthy negro woman, about 39 years of age, and the mother of two children, on January 8, 1909, when it was very cold and "spitting snow," accompanied by her husband, drove from her home, a distance of about four or five miles away, in an open buggy, with a lantern or hot rock at her feet and well wrapped, to defendant's station at Inola, in Rogers county, to take its train to Wagoner, and go thence to Muskogee, arriving at Inola station some fifteen or twenty minutes before the train was due. The negro waiting room at this station was

about 8x12 feet in floor space, and separated by lattice work from a 10x12 foot office room, in which there was a large desk, setting against said lattice work, and in a remote part thereof a stove, red hot from a burning fire therein; but there was neither heat nor a way provided in which same could be made in this negro waiting room, and the same was cold; and a part of a panel in an outer door thereto was out. Upon arrival, plaintiff, accompanied by her husband, properly entered this room, and, providing herself with a transportation ticket from said station over defendant's line, awaited the arrival of its train, which was an hour or more late. Plaintiff was "cool" as a result of riding from her home to the station through the wind, but was not cold when she arrived, and her feet were then comfortable; but, while so waiting in said room, she became chilled, and her feet were "awfully cold." The aforesaid "office room" was occupied by defendant's station agent, and he, at some undisclosed point of the time of her waiting, invited plaintiff and her husband to come into the same and sit by the fire; but this invitation, without disclosed reason therefor, was declined.

At the conclusion of the evidence, the trial court sustained a demurrer to the evidence offered for the purpose of showing subsequent illness resulting from the cold suffered by plaintiff while in the waiting room, and, by the instructions given the jury, limited her right of recovery to pain and suffering experienced by her during that time; but, although plaintiff excepted and at this time complains of this action of the trial court, she has not filed cross-assignment of errors here, and we are unable to consider whether there was error in this ruling. *Board of County Commissioners v. Lemley,* 23 Okla. 306, 101 Pac. 109, and *Van Arsdale v. Olustee School Dist.,* 23 Okla. 894, 101 Pac. 1121. In *Wheeler v. Caldwell,* 68 Kan. 776, 75 Pac. 1031, it is held:

"A party complaining by cross-petition in error must take preliminary steps giving him a right to assign error, and must present the errors to the trial court on a motion for a new trial."

In respect to errors occurring on the trial of a cause (*Hardwick v. Atkinson,* 8 Okla. 608, 58 Pac. 747; *Boyd v. Bryan,* 11

Okla. 56, 65 Pac. 940; *D. M. Osborne & Co. v. Case,* 11 Okla. 479, 69 Pac. 263; *Ahren-Ott Mfg. Co. v. Condon,* 23 Okla. 365, 100 Pac. 556; *Brown v. Western Casket Co.,* 30 Okla. 144, 120 Pac. 1001; *Stump v. Porter,* 31 Okla. 157, 120 Pac. 639; *Ardmore Oil & Milling Co. v. Doggett Grain Co.,* 32 Okla. 280, 122 Pac. 241), it appears that a cross-petitioner should lay a predicate for assignment of errors by a timely motion for a new trial in the trial court; and in respect to errors not occurring on the trial, but apparent upon the record proper (*Kellogg v. School Dist.* 13 Okla. 285, 74 Pac. 110; *Dunn v. Claunch,* 15 Okla. 27, 78 Pac. 388; *Burdett v. Burdett,* 26 Okla. 416, 109 Pac. 922, 35 L. R. A. [N. S.] 964; *Manes v. Hoss,* 28 Okla. 489, 114 Pac. 698; *Healy v. Davis,* 32 Okla. 296, 122 Pac. 157), a motion for a new trial is apparently unnecessary, the well-settled rules of practice for the guidance of plaintiff in error in respect to assignments in error in this court apparently being applicable; but we deem it unnecessary in the present case to go further than to hold that this court will not consider whether there is error in a ruling against plaintiff, not involved in any error assigned by the defendant, in view of the fact that there has been neither motion for new trial nor cross-petition in error by the plaintiff. For a proper practice in presenting error by cross-petition to this court, see *Robinson Female Seminary et al. v. Campbell et al.,* 60 Kan. 60, 55 Pac. 276. If she and her husband had accepted the invitation of defendant's agent to sit by the fire in its office room, it would have been necessary for them to have entered the white waiting room, and go thence into the office; and also to have made their exit through that room. The jury returned a verdict for plaintiff for $2,000; but, on a motion for a new trial assigning "excessive damages" as a ground therefor, the trial court "tendered plaintiff the alternative proposition of accepting a reduction of said verdict in the sum of $1,000, or submitting to a new trial on the issues, whereupon, on the 18th day of October, 1910, the plaintiff filed her written acceptance of the verdict tendered by the court in the sum of $1,000;" and the

court thereupon ordered a *remittitur* of $1,000, and overruled the motion for a new trial, to which defendant excepted.

Section 26, art. 9 (section 244, Williams' Ann. Ed.), Constitution of Oklahoma, reads:

"It shall be the duty of each and every railway company, subject to the provisions herein, to provide and maintain adequate, comfortable, and clean depots, and depot buildings, at its several stations, for the accommodation of passengers, and said depot buildings shall be kept well lighted and warmed for the comfort and accommodation of the traveling public. * * * "

In the Session Laws of 1907-1908, p. 202 (sections 861, 864, and 865, R. L. 1910), it is provided:

"Every railway company, * * * shall provide for and maintain separate waiting rooms at all their passenger depots for the accommodation of the white and negro races, which separate waiting rooms shall be equal in all points of comfort and convenience. * * * It shall be unlawful for any person to use, occupy or remain in any waiting room, * * * in any passenger depot in this state, set apart to a race to which he does not belong."

"Sec. 864. Any railway company, * * * which shall fail to provide * * * and maintain separate waiting room as provided herein, shall be liable for each and every failure to a penalty of not less than $100.00 nor more than $1,000.00, to be recovered by suit in the name of the state, in any court of competent jurisdiction. * * *

"Sec. 865. If any passenger upon a railway train, * * * or shall remain in any waiting room not set apart for the race to which he belongs, he shall be guilty of a misdemeanor, and upon conviction shall be fined not less than five nor more than twenty-five dollars. * * * Should any passenger * * * or any other person not a passenger, for the purpose of occupying or waiting in such sitting or waiting room not assigned to his or her race, enter said room, said agent shall have the power and it is made his duty to eject such person from such room, and for such neither they nor the railway company which they represent, shall be liable for damages, in any of the courts of this state."

See, also, *St. Louis, I. M. & S. Ry. Co. v. State,* 28 Okla. 372, 111 Pac. 396, 114 Pac. 1096; *St. Louis & S. F. R. Co. v. Sutton,* 29 Okla. 553, 119 Pac. 423; on rehearing, 29 Okla. 563, 119 Pac. 427; *Midland Valley Ry. Co. v. State et al.,* 29

Okla. 777, 119 Pac. 413; *St. L., I. M. & S. Ry. Co. v. State,* 31 Okla. 509, 122 Pac. 217.

It requires neither argument nor further citation of authorities to show that defendant was guilty of a breach of duty, imposed by the Constitution and statutory provisions we have quoted, proximately resulting in pain and suffering to plaintiff, and amounting to actionable negligence, for which she was entitled to recover damages, unless she was guilty of contributory negligence in declining timely invitation to sit by the fire in the agent's office or such declination was the sole proximate cause of her pain and suffering.

As repeatedly held by this court, in deference to section 6, art. 23 (section 355, Williams' Ann. Ed.), Constitution of Oklahoma (*C., R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876; *St. Louis & S. F. R. Co. v. Long,* 137 Pac. 1156, not yet officially reported; *Dewey Portland Cement Co. v. Blunt,* 38 Okla. 182, 132 Pac. 659; *C., R. I. & P. Ry. Co. v. Hill,* 36 Okla. 540, 129 Pac. 13, 43 L. R. A. [N. S.] 622; *Phoenix Printing Co. v. Durham,* 32 Okla. 575, 122 Pac. 708, 38 L. R. A. (N. S.) 1191; *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969; *C., R. I. & P. Ry. Co. v. Beatty,* 27 Okla. 844, 116 Pac. 171; if not in other cases), the verdict of the jury is conclusive as to the defense of contributory negligence; and we are unable to say, as a matter of law, that the plaintiff, entitled to a comfortable separate waiting room, in declining the invitation to sit by the fire in the office of defendant's agent, was guilty of such an independent intervening act or omission proximately causing the pain and suffering for which she was awarded damages as would break the causal connection between the negligence of defendant in failing to provide such a room for her accommodation and such pain and suffering, so as to constitute the sole proximate cause thereof. And it should not be forgotten that there is no evidence whatever as to the time at which she was so invited. It appears that she would have violated no law in passing through the "white" waiting room in making her entrance into and exit from the office, in

accord with said invitation; but we cannot say, as a matter of law, that she was in duty bound to do so.

Section 4196, St. Okla. 1893 (section 5033, Rev. Laws 1910), provides the "causes, affecting materially the substantial rights" of the party aggrieved, for which a new trial shall be granted; and "excessive damages, appearing to have been given under the influence of passion or prejudice," is one of these "causes." Defendant here contends that a new trial should be granted for this "cause"; but neither passion nor prejudice has been alleged, and it thus appears that this "cause" was not specifically assigned, either in motion for a new trial or petition in error, and same is urged for the first time in plaintiff's brief. "Excessive damages," to constitute a cause for new trial, must be such as *per se* to indicate the influence of passion or prejudice. *Muskogee Electric Traction Co. v. Reed,* 35 Okla. 334, 130 Pac. 157; *M., K. & T. Ry. Co. v. Weaver,* 16 Kan. 456; *U. P. Ry. Co. v. Hand,* 7 Kan. 380; *U. P. Ry. Co. v. Milliken,* 8 Kan. 647; *U. P. Ry. Co. v. Young,* 19 Kan. 488; *Clark v. Baldwin,* 25 Kan. 120; *A., T. & S. F. R. Co. v. Brown,* 26 Kan. 443; *A., T. & S. F. R. Co. v. Frazier,* 27 Kan. 463; *K. P. Ry. Co. v. Peavey,* 29 Kan. 170, 44 Am. Rep. 630; *A., T. & S. F. R. Co. v. Moore,* 31 Kan. 197, 1 Pac. 644. We deem it unnecessary to determine whether passion or prejudice appears in the present case, in view of what we shall say hereinafter.

Neither passion nor prejudice can be found by implication in the words "excessive damages"; and we cannot here assume that, in passing upon the motion for new trial, the court considered whether passion or prejudice was indicated by the excessive amount of the verdict. It may be urged, with some degree of plausibility, that when passion and prejudice at once appears in the amount of the verdict, as an unavoidable conclusion from its excessiveness, it should be deemed charged by implication from the charge of excessiveness, and it should not be necessary to allege more; but we do not believe that such contention is sound. The charge of excessiveness is not the equivalent of the charge of passion or prejudice; and we

are of opinion that the motion for new trial, to be sufficient, must, in some form or manner, specifically charge that passion or prejudice does appear, so as to bring this precise question to the attention of the trial court.

Mere error in the judgment of dispassionate and unprejudiced jurors in fixing the amount of damages in cases of this character, where the amount cannot be determined by mathematical calculation, nor any other precisely accurate mode of ascertainment, but must be estimated by the exercise of judgment, has not been made a "cause" for new trial by our statutes, although the same may be somewhat excessive (*City of Argentine v. Bender,* 71 Kan. 422, 80 Pac. 935); and, although the excess might be so great as to present the appearance of passion or prejudice, to us, the statute appears to require that a new trial be demanded upon that specific ground in the trial court as a condition precedent to a review here of alleged errors in refusing same.

The statutory enumeration of grounds for a new trial is, in this jurisdiction, exclusive; and any matter for which a new trial may be granted is waived if not embraced in a motion therefor. *Butts v. Anderson,* 19 Okla. 367, 91 Pac. 906; *St. Louis, etc., R. Co. v. Werner,* 70 Kan. 170, 78 Pac. 410; *S. F. Nesbit v. M. O. Hines,* 17 Kan. 316; *Rice v. Harvey,* 19 Kan. 148; *Holland v. Mudenger,* 22 Kan. 733; *Atchinson v. Byrnes,* 22 Kan. 65; *Clark v. Imbrie,* 25 Kan. 425; *Greenwell v. Greenwell,* 28 Kan. 413; *Decker v. House,* 30 Kan. 616, 1 Pac. 584.

For the reasons hereinbefore stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.