Lewis Dassler, Respondent, v. Thomas Wisley, Appellant.

*Issues.*—It is the duty of the court to state the issues to the jury, without referring them to the pleadings to ascertain what the issues are.

*Appeal from Webster Circuit Court.*

*Sample Orr,* for appellant.

I. The Circuit Court committed error in giving the first instruction asked by the respondent.

II. The Circuit Court erred in giving respondent's third instruction, as it is surely neither the law or the policy of Missouri to submit the pleadings to a jury, to hunt out what allegations are and what are not material. That is abstractly the law, but it is a duty of the court and not of the jury to hunt and declare them.

III. The Circuit Court committed error in refusing to give the second instruction asked by appellant, as the proof showed that appellant had sustained damage from two to four hundred dollars.

It is certainly abstractly the law that every material allegation in a petition, not specially denied by the answer, is to be taken as true, or to stand as admitted; but it is equally clear and true that the State of Missouri pays annually about twenty-five or thirty thousand dollars for the purpose of employing circuit judges to declare what charges are admitted, and what the juries are to try.

BATES, Judge, delivered the opinion of the court.

Plaintiff sued the defendant on an account for work and labor, the greater part of which was on and about the making and burning a kiln of brick.

Defendant, by his answer, avers that the work done in making and burning the brick, was so done under a special contract, whereby the plaintiff agreed to superintend the making and burning a kiln of brick for the defendant for a stipulated price per day, on condition that the plaintiff was to make for defendant " a good burn ; " and if he failed to make a good burn, he was to have nothing for his time and labor. Defendant also alleged that the plaintiff agreed to make and kiln a certain number of bricks per day, and failed to do so, whereby the defendant sustained the loss of a sum named, for which he asked judgment.

Defendant alleged that the bricks were greatly injured in burning, so as to impair their value four hundred dollars, for which he asks judgment.

The defendant also asked judgment against the plaintiff upon an account for moneys paid for boarding, &c.

On motion of the plaintiff, the court instructed the jury as follows :

1. That unless they believe from the evidence plaintiff was to make and kiln six thousand bricks per day, and was to make a good burn, as stated in the defendant's answer, they will find for the plaintiff.

2. That it devolves on the defendant to prove the contract, as stated in his answer.

3. That all the material allegations in the plaintiff's petition, not specifically denied by the defendant's answer, will, for the purposes of this action, be taken to be true.

On motion of the defendant, the court gave the following instructions :

1. That if they believe from the evidence that there was a contract between the plaintiff and defendant, to the effect that plaintiff was not to receive anything from defendant if he failed to make a good kiln of brick ; and the jury believe from the evidence that said plaintiff did not make a good kiln of brick, they will find nothing for making said brick, unless the jury believe from the evidence that there was a variance in the contract.

2. The jury will find on defendant's account whatever they may think is proven in addition to what plaintiff has admitted.

The court also refused the following instruction, asked by the defendant :

" The court further instructs the jury, that they will find for the defendant, by way of damage, any amount under four hundred dollars, if they believe from the evidence defendant sustained any damage by the unskilfulness or mismanagement of plaintiff, or by intentional mismanagement."

Verdict and judgment for ninety dollars was given for plaintiff, and defendant appealed to this court.

The first instruction given for plaintiff was wrong. It connected together, as having the same effect, the contract to make and kiln six thousand bricks per day, and that to make a good burn, and wholly ignored the other items of defendant's counter-claim. The answer sets up that the plaintiff's

work was done under a special contract to make a good burn, but does not in that connection aver that he did not make a good burn; so that the failure to make a good burn is not pleaded as a bar to the plaintiff's claim. In the counter-claim it is stated that the bricks were injured in burning so as to cause the defendant a loss; but that is no proper aver-ment of a failure to make "a good burn." Although the jury might believe that the plaintiff was not bound to make a good burn, yet it does not follow that all the issues should be found for the plaintiff.

The third instruction given for plaintiff was obviously wrong. It is proper for the court to state the issues to the jury, but it is not proper to refer the jury to the pleadings to ascertain them, and especially to such pleadings as these.

We do not understand what is meant by "a variance in the contract," mentioned in the instruction given for the de-fendant; nor do we understand the second instruction.

The instruction refused the defendant, was, in the form as asked, properly refused.

The instructions seem to have been as carelessly drawn as the pleadings.

Upon the whole, this case had better be tried over again, for it seems very improbable that the jury could have had any clear understanding of the issues, and of the law applica-ble to them.

Judgment reversed, and cause remanded. Judges Bay and Dryden concur.