MARY CUSIC v. JOHN C. DOUGLAS, *and others*.

*Error from Leavenworth ·County.*

On error from a decision sustaining a demurrer for want of facts to a petition of C., alleging ·the recovery against her of a judgment Aug. 27th, 1860, in justice court, a transcript of which was filed in District Court March 25th, 1861, an execution issued thereunder Feb. 1st, 1864, and levy made on one of three lots, all in one inclosure, in Leavenworth City, owned by C., since 1863, who occupies them as a homestead, she being the head of a family, and the three lots being less than one acre, and also alleging that the sheriff, (made defendant below,) was proceeding to advertise and sell the same, praying an injunction.

*Held* that the 1st section of the schedule to the constitution, does not exempt a judgment rendered prior to the adoption of the constitution from the operation of the homestead exemption clause. *It seems* the object of that clause of the schedule was to save the right to enforce all contracts, judgments, &c., leaving the means of enforcing and carrying them out subject to such changes as the adoption of the constitution or laws made thereunder might make; *Held* that it does not prohibit a change in the remedy as to such contracts, &c.

The doctrine in Bronson *v.* Kenzie, (1 How. U. S. R. 311,) that a state may regulate the modes of proceeding in its courts in relation to past as well as future contracts, and therein to take away from a creditor his right to subject a portion of his debtor's property to the satisfaction of his debt, *sustained*.

Such legislation applies to the remedy. So long as the legislature in that regard keeps within the limits of the dictates of sound policy, humanity and the well-being of society, it is the sole judge of the proper extent of the exemption and the obligation of the contract is not impaired; *Held* that the homestead exemption clause in the constitution 'of this state, (sec. 9, art. 15,) is confined within these limits and is not in contravention of the Constitution of the United States as impairing the obligations of contracts. (Art. 1 sec. 10).

Judgment below reversed—demurrer ordered to be overruled.

The facts of the case appear in the opinion of the court.

The case was argued in the Supreme Court by *Thomas P. Fenlon* for plaintiff, and by *J. C. Douglas* for defendant in error.

*Fenlon*, for plaintiff in error, submitted:

The debt was contracted prior to the admission of Kansas, and judgment in justice court against plaintiff in error was recovered by defendant in error, Douglas, prior to said admission, but the transcript of the judgment was filed in the District Court after the admission of the state. The record also shows that the title to the property levied on was acquired after the rendition of that judgment and after the filing of the transcript in the District Court.

Plaintiff in error contends that the property levied on is a homestead under art. 15, sec. 9 of the state constitution, and as such exempt from sale.

1st. The demurrer admits the truth of the facts alleged.

2d. Defendant in error, Douglas, had no lien upon the property at the date of the rendition of his judgment, nor at the date of the filing of his transcript. Hence the provision of the Constitution of the United States does not apply.

3d. The constitutional exemption provision does not impair the obligation of the contract between Douglas and Cusic. *Sturgis* v. *Crowningshield*, 4 *Curtis U. S. S. C.*, 362, (4 *Wheat.*, 200); *Maison* v. *Haile*, 12 *Wheat.* 370; 1 *U. S. Dig.*, sec. 22, *p. 554, citing the above. Newton* v. *Tibbots*, 2 *Eng.* 150, 9 *U. S. D., p.* 100, *secs.* 12, 13, 14; 4 *Id.*, *secs.* 51, 53, 54, *p.* 399; *Moore* v. *Gould et al.*, 1 *Kern* ·(*N. Y.*) 281; *Bronson* v. *Kinzie*, 1 *How. U. S.*, 311. *See opinion of* McLean, J., p. 328.

4th. The framers of our constitution intended to give to settlers a home free from debts, contracted before as well as after the adoption of it. The intention being clear and the right being sustained by authority, I hold that the property was *not subject* to sale. This being so the petition set forth sufficient facts for an injunction to restrain the sale.

*Douglas & Stillings*, for defendants in error, submitted:

1st. Can a state make a law exempting the property of judgment debtors, without limit as to value, from the payment of debts contracted and obligations incurred prior to the making of such a law? If so, its provisions may be extended so as to protect all the property in the state from the payment of debts contracted prior to the passage of the law making such exemption. So that, although the question in this case involves a comparatively small amount, its decision will become a rule of property in the state, governing its future legislation, and having an important bearing upon the business and commercial connections of the people of this state with those of other states.

The defendants claim that this provision of the constitution, under which the plaintiff claims, is in violation of section 10, article 1, of the Constitution of the United States, so far as it affects contracts made and judgments entered prior to the making of this law. 3 *Iowa*, 287 *and* 345; 9 *Id.*, 60; *Melne* v. *Smith*, 12 *La.*, 553; 10 *Id.*, 509, *Succession of Paren*; 11 *same* 671; *Simonds* v. *Pawns*, 28 *Ver.* (2d *Williams*) 353; *Grayson* v. *Taylor*, 14 *Texas* 672; *Lawton* v. *Bruce*, 39 *Maine*, 484; 4 *California*, 127; 5 *Id.*, 401; *Bronson* v. *Kinzie*, 1 *How.*, 319; 1 *Manning Mich. Rep.*, 369; 1 *Denio. N. Y.*, 129; *Grantley's Lessee* v. *Ewing*, 3 *How.* (*U. S.*) *p.* 707; *Curren* v. *Arkansas*, 15 *How.* (*U. S.*) *p.* 304.

"The right and remedy, substantially in accordance with the right, are equally parts of the contract secured by the laws of the state where it was made." (1 *How.* 319.) If there is no limit to the power of a state to exempt property from sale in satisfaction of debts, where is the remedy, and what is the right worth?

In the case of *Morgan* v. *Goold* (1 Kernan, N. Y. Rep.,) the former decisions of the Supreme Court are overruled, and a law exempting a team and household furniture, not exceeding in value $150, held to be valid, but the court places the decision upon the ground that this trifling ex-

emption of implements of industry and articles of necessity does not "sensibly affect the efficiency of remedies for the collection of debts." It will be claimed by the plaintiff that, if a law exempting $150 in such articles can be sustained, the court can place no limit to legislative discretion as to amount or articles to be exempted. In answer to this it is sufficient to say, that that court did place their decision in that case upon that principle, and that if the court has no right to say that the exemption in that case decided upon did not sensibly affect the remedies of creditors, then that decision by the admissions of the court that pronounced it is wrong.

2d. Did the framers of the constitution intend it to have any effect as to prior obligations and contracts?

It is submitted that sections 1 and 8 of the schedule sufficiently show that it was no part of the intention of the makers of the constitution to change in any respect the rights of debtors and creditors by virtue of the constitution, as to any "contracts, judgments or claims."

The reservation as to contracts and obligations can have no effect whatever if those sections are construed to mean nothing except as to the manner of suing or recovering judgment upon them, for the constitution had nowhere taken away such a right, in terms or by implication. On the contrary, if the operation is given that instrument which is now claimed for it, the unlimited amount of property which the debtor could by virtue of its provisions, hold exempt from execution, which was not so exempt before its adoption, would entirely change the relation of debtors and creditors in the state, and could have no humane effect whatever, as in nearly every case a party who holds more property from being applied to the satisfaction of his debts than was then exempt, is in better circumstances than the person to whom such debt is due.

The petition does not allege that this property was a homestead at the time of the levy. What is a sale on ex-

ecution? It consists of a levy, an advertisement, striking off the property at public auction, and confirmation by the court, and when completed the purchaser's title takes effect from the date of the levy, and in case of judgment lien, from the date of the lien. The question, therefore, upon this branch of the case, is whether a judgment debtor can at any time during the progress of the sale, by going upon property and occupying as a homestead that which was liable to sale on execution at the time it was seized in execution, stay further proceedings in the sale, and thereby defeat the creditor. A subsequent adoption of the premises as a homestead is no answer to a bill for specific performance on a contract made prior to the time of such adoption, (3 Iowa, 345,) and the principle certainly applies with greater force when it is sought to stay the progress of a sale on execution when once rightfully commenced. It is the right, and we think duty, of a court to give to this provision such a construction as will preserve the intention of the makers of the constitution and at the same time fix a just and definite rule as between debtor and creditor. *Sedgwick on Statutory and Constitutional Law,* 299, 300 and 301.

*By the Court,* CROZIER, C. J.

On the 27th day of August, A. D. 1860, John C. Douglas, one of the defendants in error, before a justice of the peace in Leavenworth county, recovered a judgment against Mary Cusic, the plaintiff in error for one hundred dollars and costs of suit, and on the 25th day of March, A. D. 1861, caused to be filed in the office of the clerk of the District Court for said county a transcript of that judgment. In the year 1863, Mrs. Cusic became the owner of three lots in Leavenworth, upon which is a large brick house. The lots are all in one inclosure and the whole is occupied by her as a homestead, she being the head of a family. The lots do not altogether in quantity amount to one acre

of land. On the 1st day of February, 1864, an execution was by the clerk issued upon the judgment and delivered to the sheriff of the county, who having levied upon one of the lots was proceeding to advertise and sell the same when a petition setting out the foregoing facts was filed in the clerk's office of the District Court of Leavenworth county, praying an injunction against the sale of the property. To this petition a demurrer was interposed upon the ground that the petition did not state facts sufficient to constitute a cause of action, which demurrer was sustained. To reverse this judgment this proceeding was instituted.

It is claimed by the plaintiff in error that the property is exempt from sale upon the judgment referred to, under the homestead exemption provision of the constitution. To this claim the defendant interposes two objections:

*First.* The first section of the schedule to the constitution excepts this judgment from the operation of the homestead exemption clause: and

*Second.* If it be not excepted, then the exemption clause is in contravention of the Constitution of the United States as impairing the obligations of contracts.

These objections will be considered in the order stated.

The clause of the schedule relied upon, is as follows: "That no inconvenience may arise from the change from a territorial government to a permanent state government, it is declared by this constitution that all suits, rights, actions, prosecutions, recognizances, contracts, judgments and claims both as respects individuals and bodies corporate shall continue as if no change had taken place."

The defendant in error claims that this clause continues to him the same means of enforcing his judgment that he had before the adoption of the constitution, that he may subject to its satisfaction now any property that would have been liable had no state government been organized; that inasmuch as he might then have caused to be sold any real estate exceeding one thousand dollars in value, he may do so now.

Cusic v. Douglas and others.

Such the court does not conceive to be the meaning of the clause. Its object was to save all contracts, judgments, &c., so far as the right to enforce them was concerned, leaving the means of enforcing and carrying them out subject to such changes as the adoption of the constitution or the legislature under it might make. It certainly was not the intention to provide that no change of remedy which might be adopted under the constitution should apply to the enforcement of a contract made or judgment rendered before its adoption. Such a construction would operate to keep in force laws flatly repugnant to the constitution itself, and such laws are by direct implication repealed by that instrument.

The court is therefore of opinion that the first objection referred to is not well founded.

*Second.* The other objection presents one of the most important questions ever addressed to this tribunal. The validity of a provision of the organic law of the state is denied and a decision on the subject is unavoidable. There can be no mistaking the will of the people upon the subject. The clause in controversy was referred to them for ratification or rejection, separate from the other provisions of the constitution, and was adopted by a very large majority. Their attention was especially directed to it, and if one provision more than another could have binding force upon law-makers and law expounders, such pre-eminence should be attributed to this one. But notwithstanding these considerations, if it be in contravention of the constitution of the United States as to transactions occurring before its adoption, it is void and this court must so declare it.

The clause is in these words: " A homestead to the extent of one hundred and sixty acres of farming land or of one acre within the limits of any incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same shall be exempted from forced sale under any process of law, and
17

shall not be alienated without the joint consent of both husband and wife when that relation exists, but no property shall be exempted from sale for taxes or for the payment of obligations contracted for the purchase of said premises or for the erection of improvements thereon, *Provided*, the provisions of this section shall not apply to any parcel of land obtained by virtue of a lien given by the consent of both husband and wife."

The defendant in error contends that this provision, so far as it relates to this case, is contrary to the tenth section of the first article of the constitution of the United States, which provides that " no state shall pass any law impairing the obligation of contracts." If the provision of the state constitution contravenes this clause as construed by the Supreme Court of the United States, it must fall. That tribunal is the supreme arbiter of all questions of the construction of the national constitution, and this court should adopt its decisions.

Much juridical discussion has been indulged in concerning what pertains to the contract and what to the remedy ; and although it was at one time held that the law of the remedy might be changed to an almost unlimited extent without impairing what was considered the obligation of the contract, it is now decided that very slight changes in the remedy will impair its obligation. But the line of demark ation between what will and what will not so affect the contract is so illy defined that it is exceedingly difficult to trace it. For example, it has been held that to abolish imprisonment for debt would not impair the obligation of a contract, yet to authorize a redemption of lands sold upon execution would have that effect. Also that to require the property of one debtor to bring two-thirds of its real value would be unconstitutional, while it would be lawful to provide that the property of another should not be used at all. When the law did not require an appraisement of real estate nor exempt household furniture or implements of

husbandry, two men might on the same day contract debts, the one owning real estate, the other nothing but personal property, and under the decisions the legislature could not by subsequent legislation require the land to bring two-thirds of its value in case of sale, but might provide the other man's property should not be sold at all. This court will not attempt to reconcile this incongruity or to ascertain from the opinions of the Supreme Court the location of the line which separates the lawful and unlawful provisions of the legislature in reference to the remedy on contracts. It will be sufficient if that court has established or recognized a principle which should control in this case. That it has done so may be made apparent.

In the case of Bronson v. Kinzie et al., (1 Howard Rep., 311,) the Supreme Court of the United States, say: "A state may regulate at pleasure the modes of proceeding in its courts in relation to past contracts as well as future. It may, for example, shorten the period of time within which claims shall be barred by the statute of limitations. It may, if it think proper, direct that the necessary implements of agriculture or the tools of a mechanic or articles of necessity and household furniture shall, like wearing apparel, not be liable to execution on judgments. Regulations of this description have always been considered in every civilized community as properly belonging to the remedy to be exercised or not by every sovereignty according to its own views of policy and humanity. It must reside in every state to enable it to secure its own citizens from unjust and harrassing litigation, and to protect them in those pursuits which are necessary to the existence and well-being of every community. And although a new remedy may be deemed less convenient than the old one, and may in some degree render the recovery of debts more tardy and difficult, yet it will not follow that the law is unconstitutional. Whatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration

does not impair the obligation of the contract.   But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself.   In either case it is protected by the constitution."

Here is a clear recognition of the power of a state to take away from a creditor his right to subject a portion of his debtor's property to the satisfaction of his debt, but the doctrine is not predicated upon any admission of the power of the legislature to impair the obligation of the contract. It is upon the theory that such legislation applies to the remedy, and that the power to change it extends to such modifications as sound policy, humanity and the well-being of the community shall dictate.   So long as the legislature shall keep within these limits the obligation of the contract is not impaired.   If the exemption of a homestead be within them, then a law which secures one to the citizen does not impair the obligation of a prior contract.

Now if from motives of policy and humanity, or to secure the citizens from unjust and harrassing litigation and protect them in the pursuits necessary to the existence and well-being of a community, the state may exempt to the husbandman the implements necessary to enable him to extract from the soil a subsistence for himself and family, or to the mechanic the tools necessary to enable him to earn a livelehood for himself and those dependent upon his labor, why may it not for the same reasons secure to them places of abode and shelter?   It is just as essential to the well-being of a community that the people have houses to live in as that they have tools and implements to work with.   Both are indispensable.   The principle that authorizes the exemption of one must necessarily include the other.   Hence so long as the state shall keep within these limits and proceed upon this principle its action will not be unconstitutional.

But it is said that the provision of the constitution of this state authorizes an exemption largely in excess of what

these considerations would justify. A man may in or near a large city hold property worth tens of thousands of dollars and be impregnable to the most deserving creditor; such may in some instances be the melancholy fact, nevertheless the provision would not be liable to any constitutional objection. The framers of the constitution were making an instrument which must apply to the whole state, and were obliged to adopt some rule which in its general operation throughout the state would secure a reasonable exemption. One acre in either of four or five towns that might be named, would be a very large exemption, while the same quantity in any one of the other towns, would be a very small one. Or a quarter section of land adjoining the city of Atchison would be a splendid homestead while the same quantity of land in Peketon county would not very much disgust old Fogan himself. The average of the homesteads secured by the provision under consideration is not unreasonable.

It must not be inferred that a state is omnipotent upon this subject, and that if it can fix the amount at one acre in a town, it may increase it to ten or twenty acres, and in a like proportion in the country. Its action will not be constitutional if it shall be apparent that the object was not so much to secure the well-being of the citizens, as to enable them to hold large amounts of property with a view of making it available to their own aggrandizement for other purposes than that of homesteads. The state is the sole judge of the proper extent of the exemptions within the limits above indicated, and so long as the extent of the homestead shall be in accordance with sound policy and humanity, and no greater than shall be reasonably necessary to protect the citizens in their pursuits necessary to their existence and well-being, its action must be sustained although it may here and there work an individual hardship.

The court is therefore of opinion that the second objection is not well founded.

The judgment of the court below sustaining the demurrer will be reversed and the cause sent back with instructions to the District Court to overrule the demurrer and proceed with the cause.

All the justices concurring.  ✓