[No. 3,917.]

## JOHN W. KELLY *v.* THOMAS LARKIN AND RICHARD FLAHERTY.

MOTION FOR NEW TRIAL A REMEDY MERELY.—A motion for a new trial, upon a statement settled in accordance with the provisions of the Practice Act in force before the Code took effect, was not a *right* within the intent of the latter clause of Section 18 of the Code of Civil Procedure, but merely a remedy.

IDEM.—A proceeding to obtain a new trial is not initiated until the notice of the motion is served and filed.

PROCEEDING TO OBTAIN NEW TRIAL.—The proceedings to obtain a new trial must be conducted in accordance with the Code of Civil Procedure, when the notice of the motion is served and filed after the Code went into effect.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The action was brought to recover on a street assessment. The appeal is taken by the plaintiff from an order granting the defendants a new trial.

The other facts are stated in the opinion.

*E. F. Preston,* for Appellant.

*J. R. Sharpstein,* for Respondents.

By the COURT:

On the eleventh day of December, 1872, the plaintiff obtained judgment, and it appearing that notice of the rendering of the decision was given, but the record being silent as to the time at which it was given, we will assume

in support of the action of the court below that the notice was given during the year 1872, and not afterwards. On the eighth day of January, 1873, notice of intention to move for a new trial was given by the respondents, who thereafter, in accordance with the practice prevailing before the taking effect of the codes, filed an agreed statement in support of the motion, the plaintiff's attorney, however, "reserving all objections to the said statement based upon the proposition that said notice for a new trial should be upon a bill of exceptions." The motion was based upon certain alleged errors of law and insufficiences of the evidence to justify the decision. The objection reserved to the form of procedure by statement was overruled by the court below, and the motion for a new trial was granted.

The Code provides (Section 658) that an application for a new trial upon such grounds as these shall be made upon "bills of exception on file." To maintain that the former practice was applicable to his motion for a new trial, the respondent relies upon the Code of Civil Procedure (Section 8), which is as follows: "No action or proceeding commenced before this Code takes effect, and no right accrued is affected by its provisions, but the proceedings therein must conform to the requirements of this Code as far as applicable," and upon the last clause of Section 18 of the same code, by which it is in effect provided that the repeal of the statutes theretofore in force does not "affect any right already existing or accrued, or any action or proceeding already taken, except as in this code provided." That the Code of Civil Procedure was designed to apply in a measure to actions pending at the time it took effect, is obvious upon the text of Section 8 (*supra*), where it is in terms provided that the proceedings even in such actions "must conform to the requirements of this code as far as applicable." The motion for a new trial afforded by the late Practice Act upon a statement settled in accordance with its provisions was not a right within the intent of the latter clause of Section 18 of the Code of Civil Procedure; but a remedy merely, and even though notice of the rendition of the judgment be considered to have been given by

the plaintiff before the Code took effect, the proceeding upon the part of the defendant to obtain a new trial was not thereby become "a proceeding already taken," for it cannot be said to have been initiated earlier than the point of time when the notice of intention to move was served by the defendants and filed with the Clerk.

We think that the objection taken by the respondent must prevail, and the order granting a new trial must be reversed, and it is so ordered.