[No. 5977. Decided March 17, 1906.]

GEORGE H. MELSE, *Respondent*, v. ALASKA COMMERCIAL
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—FALL OF FREIGHT DOWN A
HATCH—WARNING—DRUNKEN EMPLOYEES. A ship company is liable
to an employee who, while in the performance of his duty, is in-
jured by the fall of freight, which was negligently and recklessly
lowered down the hatch, without any warning, by drunken em-
ployees, who were placed and continued in charge of the operation
of unloading freight on a ship.

DAMAGES—EXCESSIVE VERDICT. A verdict for $20,000 damages for
personal injuries, resulting in the amputation of a leg at the knee,
sustained by a longshoreman, thirty-nine years of age, capable of
earning from fifty to seventy dollars a month, is excessive, and
should be reduced to $14,000.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered April 10, 1905, upon the ver-
dict of·a jury for $20,000 damages for personal injuries
sustained by a longshoreman through the fall of freight. Af-
firmed on condition of remitting $6,000.

*William H. Gorham*, for appellant.

*Benson, Hall & Higgins*, and *Morris, Southard & Shipley*,
for respondent.

DUNBAR, J.—The amended complaint alleges, in substance,
that on or before January 21, 1903, defendant company
owned and operated the steamship "Bertha;" that it em-
ployed defendant Frank Forward as first mate, defendant
John Conway as a sailor and hatch tender, and Fred Ander-
son as boatswain; that Forward, Anderson and Conway were
at all times incompetent, reckless, drunken, and unfit for the
positions which they respectively occupied; that the defend-
ant company and Forward had reasonable opportunity to
know, and did know, that Anderson and Conway were in-

[1]Reported in 84 Pac. 1127.

competent, negligent, reckless, drunken, and unfit, but nevertheless they did knowingly, wilfully, and recklessly retain said boatswain and permit him to act as boatswain and control the operation of the winches, and to give orders to the sailors, and especially to winch drivers; and negligently allowed defendant John Conway to remain and act upon the ship as a hatch tender; that on January 21, 1903, while the steamer was lying at the dock at Seattle, Washington, and while Anderson was aboard acting as boatswain in charge of the sailors and winches and winchmen, and while defendant Conway was aboard acting as hatch tender, and both Anderson and Conway were in sole and complete charge of the first mate, and while the captain of the vessel was absent, Anderson and Conway became exceedingly drunk, and remained drunk in the immediate presence of Forward continually all of said day, cursing, swearing and drinking until plaintiff's injury, between three and four o'clock of the afternoon of that day; that plaintiff was employed by the defendant company as a longshoreman, and was at work as such, handling freight in the hold of said vessel, knowing nothing of the actions of either Anderson or Conway; that between three and four o'clock, the drunken boatswain negligently and carelessly attempted to operate a winch and to lower freight thereby into the hold of the vessel; that it was Conway's duty as hatch tender to keep watch down the hatch (where plaintiff was at work), and to warn any one below of danger from freight being loaded in the hold; that the drunken boatswain caused a sling load of freight to fall without any warning whatever, and without any effort on his part to prevent the same from falling, reckessly, carelessly and in a drunken manner turned the winch loose and allowed the freight to fall of its own weight nearly twenty feet upon plaintiff; that Conway negligently and carelessly failed to keep a lookout for the safety of plaintiff, and to warn plaintiff that freight was approaching the hatch, and to warn plaintiff in any manner of his danger; that plaintiff was crushed

under the weight of said cargo, his left leg crushed so that it became necessary to amputate it below the knee, and that he suffered various other injuries; and asked for damages in the sum of $75,000.

The defendant admitted the employment of Forward as first mate, and Conway as hatch tender, and of plaintiff as longshoreman; admitted that the plaintiff was crushed by a sling load of cargo; but denied all other allegations contained in plaintiff's complaint, including the employment of Anderson as boatswain. As an affirmative defense, it alleged that whatever damage and injury plaintiff sustained were caused by his own carelessness and negligence and want of care, without any fault or negligence on the part of the company, which affirmative matter was denied by plaintiff. The defendant, before answering, petitioned the court to remove the case to the Federal court, which petition was denied; and also demurred to the complaint, which demurrer was also denied. We think the court was justified in refusing the change asked for, and there seems to be no merit in the demurrer to the complaint, it plainly, in our judgment, stating a cause of action. Nor can there be any question, under the testimony, of the responsibility of the appellant for Anderson's acts. A ship company cannot intrust a drunken boatswain with authority over the sailors and disavow responsibility for the reckless exercise of that authority.

There are no questions of law in this case that have not been decided many times over by this court in opposition to appellant's contention. The testimony is conclusive, that there was the most culpable negligence on the part of the officers and agents of the appellant company; that they were intoxicated to such a degree that they handled the business of lowering the freight with the most reckless indifference to the safety of the men who were working below, neither giving timely warning of the descent of the load, or using any effort or care to send it down at a reasonable rate of speed. The respondent was in the strict performance of his duty. He

had been commanded by the captain of the ship to move some potatoes that were under the hatch coamings, being told that the steward would tell him where to put them. The steward did immediately tell him where to put them, and as he bent over to comply with this order, he was struck and crushed by the descending freight. There is no showing whatever of any contributory negligence or assumption of risk. Respondent was in the performance of his duty, yielding that ready, unquestioning obedience to orders which is so necessary upon shipboard. In the performance of that duty, he had a right to rely upon the duty of the master to furnish him a safe place in which to work, and to rely upon its duty to employ competent and reliable agents to handle the dangerous agencies which they were using in the business, the negligent use of which was without any doubt the proximate cause of the injury. We find no reversible error in the instructions given by the court, or in rulings upon the admission of testimony.

It is contended, however, by the appellant that the judgment of $20,000 which the respondent obtained is excessive, and from an examination of the record we are forced to the conclusion that the judgment is excessive. The respondent at the time of the injury was thirty-nine years old, his business was that of a longshoreman, and his testimony was that his earnings amounted to from fifty to seventy-five dollars a month, or an average of $60. A judgment of $14,000, with interest at six per cent, which is probably available, would amount to $70 a month, $10 a month more than the average which the respondent testified he earned, even conceding that he was able to obtain steady employment, and that such employment would not be affected by sickness or any of the vicissitudes of life. This would still leave the principal of $14,000, which it seems to us would be a sufficient recompense for the injuries which he received. We are therefore inclined to reduce this judgment to $14,000; and if the respondent, within sixty days from the filing of the remittitur

in the superior court, will remit the amount of $6,000 from the judgment, the judgment so amended will be affirmed; otherwise a new trial will be granted.  Costs awarded to respondent.

MOUNT, C. J., HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.