## INDEPENDENT COTTON OIL CO. v. BEACHAM.

No. 1004.   Opinion Filed September 12, 1911.

Rehearing Denied January 9, 1912.

(120 Pac. 969.)

1.   NEGLIGENCE—Actions—Questions of Law or Fact. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court.

2.   STATUTES—Pending Proceedings—Mode of Procedure. No person has a vested right in any particular mode of procedure, and if, before the trial of the cause, a new law of procedure goes into effect, it governs, unless the statute itself provides otherwise.

Opinion of the Court.

3.   **CONSTITUTIONAL LAW**—Construction—Retroactive Operation. Section 1 of the Schedule does not exempt an action for damages for personal injuries, commenced subsequent to statehood, although the injury was inflicted prior thereto, from the operation of section 6 of article 23 of the Constitution, which provides, "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury;" nor from the operation of section 19, art. 2, of the Constitution, which provides: "The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil * * * cases in courts of record, other than county courts, shall consist of twelve men. * * * In civil cases * * * three-fourths of the whole number of jurors concurring shall have power to render a verdict. * * * In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."

4.   **REMOVAL OF CAUSES** — Time for Filing Petition — Effect of Amendment of Pleading. Where the time for filing a petition for the removal of a cause has expired, the cause is not rendered removable by the filing of an amended petition which does not state a new cause of action.

5.   **DAMAGES**—Excessive Damages—Personal Injury. A verdict of $25,000 is **held** to be excessive where the evidence shows that the plaintiff was about twenty years of age, engaged as a common laborer, whose earning capacity was in the neighborhood of $1.50 per day at the time the injury occurred; that the injury necessitated the amputation of his leg below the knee, but was not accompanied by any complications other than the ordinary pain and suffering incident to injuries of that nature, and the same will be set aside unless a **remittitur** is filed for all of said sum in excess of $10,000.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by Roy Beacham, an infant, by his next friend, John Beacham, against the Independent Cotton Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed on condition.

*F. E. Riddle* and *Shartel, Keaton & Wells,* for plaintiff in error.

*Dumars & Vaught, R. E. Gish, B. M. Parmenter,* and *R. B. Young,* for defendant in error.

KANE, J. This was an action for damages for personal injuries inflicted prior to statehood commenced by the defendant

in error, plaintiff below, against the plaintiff in error, defendant below, on the 22d day of January, 1908, subsequent to statehood, in the district court of Comanche county. The parties will hereafter be called plaintiff and defendant as they were designated in the court below. The allegations of negligence were, in substance, that the defendant maintained a cotton mill in Lawton, Okla., wherein was situated a certain large wheel known as an "idler wheel"; that the plaintiff, who was a boy about twenty years of age, was employed to oil the machinery in and about the idler wheel; that, by reason of the defendant not furnishing the plaintiff a reasonably safe place to work in, said plaintiff while engaged in oiling said bearings, without fault or negligence on his part, slipped into said idler wheel while same was revolving at a rapid rate of speed, whereby he was injured; that as a result of said injury it became and was necessary to amputate his right leg immediately below the knee, wherefore he prayed judgment in the sum of $25,000. The answer contained a general denial, alleged contributory negligence and assumption of risk upon the part of the plaintiff, and further alleged, in substance, that the court had no jurisdiction to hear and determine said cause for the reason that said defendant had filed its petition in due form, asking for removal of said cause from the state court to the federal Circuit Court, which said petition on its face showed that said defendant had a right to have said cause removed to said federal court. The reply was a general denial. On trial to a jury there was a verdict for the plaintiff in the sum of $25,000, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error in their brief present their grounds for reversal under seven subheads, as follows: First. Error in compelling the company to go to trial on the same date that the issues of fact were joined. Second. The evidence fails to show that defendant was guilty of any negligence. Third. The plaintiff assumed the risk incident to the work in which he was engaged when injured. Fourth. Error of the trial court in giving and refusing instructions. Fifth. The amount of damages award-

ed is excessive, and is shown to have been given by reason of the bias and prejudice of the jury. · Sixth. Error in allowing the amended petition to be taken by the jurors to the jury room for consideration in arriving at their verdict. Seventh. Error in overruling and denying the petition to remove the case to the federal court.

Under the view of the case we take, the first error complained of would not warrant a reversal, so we will not notice it further, but will pass to the other assignments and take them up in the order assigned. The court below did not commit error by submitting the question of the negligence of the defendant to the jury. The negligence charged was that the defendant in the maintenance and operation of said mill maintained and used certain machinery, bearings, shaftings, and appliances which were placed at a distance of five and one-half feet from the top of said idler frame, but failed and neglected to provide runs or means of reaching said machinery and bearings for the purpose of oiling same or making repairs thereon, and that it became necessary, in order to reach the machinery and bearings so placed above the idler frame, to step or climb to the top of the idler frame to reach upward and outward to said bearings when it was necessary to oil the same; that no handhold, ladder, runway, or any other means of reaching the said bearings for the said purpose or purposes at the said times herein mentioned had been or were placed and supplied; that defendant negligently allowed the idler frame and a certain 2x4 used by plaintiff as a hand support to become oily and greasy; that plaintiff was inexperienced in the use of machinery and the dangers incident thereto; that it was necessary for him in oiling to steady himself by means of the said 2x4; that on the date of the injury the defendant had carelessly and negligently permitted the said scantling to become saturated with oil, all of which was unknown to the plaintiff, etc. We cannot agree with counsel for plaintiff in error that there was no proof that the machinery was not reasonably well protected, or that the plaintiff was not furnished with the ordinary facilities and appliances for the performance of his duties, and that the issue was therefore narrowed

down to the question as to permitting the floors and scantling to become oily and slippery. The evidence tends to show that the only means that plaintiff had to oil the bearings was to walk along a 2x8 plank within a few inches of the revolving idler; that the height of the bearings was such that he had to stand on tiptoe to oil them; that after the accident the defendant provided a gangway, presumably for the purpose of making the oiling of the bearings more safe and convenient. Irrespective of the slippery condition of the floor and scantling, the jury may have found from the evidence that the failure to provide a gangway, which was later provided, was of itself negligence, and the proximate cause of the injury, which would constitute ample ground for recovery. We think there is evidence to sustain this theory, and the court below was therefore justified in submitting the cause to the jury on the question of the negligence of the defendant. The rule in this jurisdiction is:

"It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court."

The question of assumption of risk and contributory negligence is settled by section 6, art. 23, of the Constitution, which provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times be left to the jury."

Counsel for defendant take the position that, as the injury was inflicted prior to statehood, the plaintiff was not entitled to the benefit of said provision, although the Constitution was adopted prior to the commencement of the action, for the reason that section 1 of the Schedule preserved the status of all suits, rights, etc., arising prior to statehood as they existed under the territorial government. We cannot agree wath counsel. The rule is that no person has a vested right in any particular mode of procedure, and if, before the trial of the cause, a new law of procedure goes into effect, it governs, unless the statute itself provides otherwise. There is nothing in the Constitution or the Schedule indicating a purpose to restrict.

the power of the state to change modes of procedure as to causes of action arising prior to the admission thereof, except as to actions that were pending at that time, unless it is section 1 of the Schedule to the Constitution, which provides:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

Section 1 of the Schedule of the Kansas Constitution provides:

"That no inconvenience may arise from the change from a territorial government to a permanent state government, it is declared by this Constitution that all suits, rights, actions, prosecutions, recognizances, contracts, judgments, and claims, both as respects individuals and bodies corporate, shall continue as if no change had taken place."

In *Cusic. v. Douglass et al.*, 3 Kan. 123, 87 Am. Dec. 458, a judgment for debt was recovered prior to the admission of the state, but the transcript of the judgment was filed in the district court after the admission of the state, and the question was whether section 1 of the Schedule to the Constitution preserved to the judgment creditor a right of execution against the judgment debtor which had been taken away by the homestead exemption clause in the Constitution. The court held:

"That the object of the clause was to save all contracts, judgments, etc., so far as the right to enforce them was concerned, leaving the means of enforcing and carrying them out subject to such changes as the adoption of the Constitution or the Legislature under it might make. It certainly was not the intention to provide that no change of the remedy which might be adopted under the Constitution should apply to the enforcement of a contract made or judgment rendered before its adoption. Such a construction would operate to keep in force laws flatly repugnant to the Constitution itself, and such laws are by direct implication repealed by that instrument."

In *Kelley v. Larkin*, 47 Cal. 58, the construction of a saving clause was under consideration, which read:

"No action or proceeding commenced, and no right accrued, before the Code takes effect, is affected by its provision." (Code Civ. Proc. sec. 8.)

The court held that a motion for a new trial filed in accordance with the law in force at the time the judgment was rendered was not proper where the Code changed the procedure prior to the time the motion was filed. The acts construed in the Kansas and California cases above cited contain every element found in section 1 of our Schedule, and the foregoing cases satisfactorily construe the same. Other cases to the same effect are *Boise City I. Co. v. Stewart,* 10 Idaho, 38, 77 Pac. 25, 321; *Roenfeldt v. St. L. & S. Ry. Co.,* 180 Mo. 554, 79 S. W. 706; *Marion v. State,* 20 Neb. 233, 29 N. W. 911, 57 Am. Rep. 825; *Hallock v. U. S.,* 185 Fed. 417, 107 C. C. A. 487.

Another point is made that the proposition that our constitutional provision, providing that the defense of contributory negligence or assumption of risk is a question of fact, to be submitted to the jury, is merely declaratory of the common law that, when the court has found that there is legal evidence tending to show negligence or contributory negligence, it is for the jury to determine from the evidence whether negligence or contributory negligence exists—citing *Kiley v. C., M. & St. P. Ry. Co.,* 138 Wis. 215, 119 N. W. 309, 120 N. W. 756. To give the Wisconsin provision the construction contended for by the plaintiff in that case would have the effect of conferring judicial power on juries, in violation of article 7, section 2, of the Constitution of Wisconsin, which confers all judicial power upon designated courts. In the case at bar the provision under discussion is a constitutional provision, and, of course, it is not necessary to resort to construction to harmonize it with any other enactment. Upon its face, it seems to be plain and unambiguous. It provides that the "defense of contributory negligence and of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury." It is the duty of the court to give that effect.

Counsel for defendant requested the following instruction:

"Gentlemen of the jury, you are instructed that in this case the injury complained of occurred prior to the admission of Oklahoma as a state into the Union, and the defendant is entitled as a right to a unanimous verdict of twelve jurors, and you are there-

fore instructed that, unless twelve jurors concur in a verdict, you cannot return a verdict for the plaintiff."

On this question the court instructed the jury as follows:

"You are instructed that, under the laws of this state, as many as nine jurors concurring have power to render a verdict, and in case nine of your number or any number less than twelve concur in a verdict, the same when returned into court, should be signed by each juror concurring therein; but, if your verdict is unanimous, it need be signed by your foreman only."

The reasoning applicable to the last assignment of error discussed is also applicable to this, and it would not be necessary to further notice it except for the fact that counsel for defendant contend that the instruction given is in conflict with the opinion of this court in *Pacific Mutual Life Ins. Co. v. Adams et al.,* 27 Okla. 496, 112 Pac. 1026, and several other Oklahoma cases. We think the cases are distinguishable in this: The Adams case, *supra,* and the Cundieff case, which it followed (C. C. A.) 171 Fed. 319, were pending at the time of the erection of the state, and the court held, and correctly, we think, that the right to a trial by a jury of twelve was preserved by section 1 of the Schedule, because the action was pending, and therefore was embraced within the terms, "actions, suits, proceedings," which section 1, *supra,* declares shall not be affected by the change in the forms of government, but shall continue as if no such change had taken place. Clearly the case at bar did not fall within the terms, "actions, suits, or proceedings," and, if the right defendant claims is carried over by the Schedule, it must be because he had some right within the meaning of that term as used in the Schedule.

There is no property in a naked cause of action for tort, but simply a cause of action, based upon a personal injury. *Epstein v. Handverker,* 29 Okla. 337, 116 Pac. 789. It is too nebulous a right, if a right at all, to hold inviolate against the right of a sovereign state to remedy its mode of procedure, as the exigencies of the administration of justice may require.

On the question of removal, it seems that the plaintiff filed a petition, and thereafter an amended petition, and thereafter

a second amended petition. All of the petitions were based upon the theory that the plaintiff was entitled to recover because the defendant did not furnish him a reasonably safe place to work. Each of the amended petitions, without changing the allegations of the original petition, set out in more detail particulars wherein it was alleged the place where the plaintiff was required to work was unsafe. Between the filing of the first and second amended petitions the defendant answered in effect as hereinbefore set out. It is the contention of the defendant on that point that, after filing the second amended petition, he had twenty days to plead thereto, and as he filed his motion for removal on the ground of diversity of citizenship, and his bond prior to the expiration of that time and prior to filing his answer to the second amended petition, the cause was removable under the section of the federal statute which authorizes the defendant to file his application for removal on account of diversity of citizenship in the state court any time he is required to plead or answer the complaint. We do not think this contention can be sustained. We think the case of *Painter v. New River Mineral Co.* (C. C.) 98 Fed. 544, correctly states the rule which governs in cases like the one at bar. The first paragraph of the syllabus reads as follows:

"Where the original declaration in an action of trespass sought to recover damages for injury to plaintiff's realty and its use and occupation by reason of the deposit thereon of refuse and washings from defendant's ore washers, an amended declaration, which counts on the same injuries, merely stating the facts in more amplified form, is one a recovery upon which would have been barred by a recovery on the original declaration, which would be supported by the same evidence, is governed by the same rules as to damages and subject to the same plea, and hence does not state a new cause of action."

In the same case it was held:

"Where the time for filing a petition for the removal of a cause has expired, the cause is not rendered removable by the filing of an amended declaration which does not state a new cause of action."

We think the verdict was excessive.  The evidence showed that the plaintiff was about twenty years of age, by occupation a common laborer, whose earning capacity was in the neighborhood of $1.50 per day at the time the injury occurred; that the injury necessitated the amputation of his leg below·the knee, but was not accompanied by any complications, other than the ordinary pain and suffering incident to injuries of that kind.  We are unable to find a case in this jurisdiction, or from any state or federal court, where such a large verdict was allowed to stand for injuries similar ·to the ones inflicted upon the plaintiff in this case.  Compensatory damages is all the plaintiff is entitled to, and $25,000, the amount of the verdict, to our mind, is clearly in excess of any sum that could properly ·be based solely upon the idea of compensation.  The record is unusually free from errors, and there is nothing to indicate prejudice or passion on the part of the jury, except the size of the verdict, but we would be justified in inferring that there was prejudice and passion from the magnitude of the verdict, and many courts have set aside verdicts as excessive upon no other evidence.  *G., H. & S. A. Ry. Co. v. Bernard* (Tex. Civ. App.) 57 S. W. 686; *Sorenson v. Oregon Power Co.*, 47 Ore. 24, 82 Pac. 10; *Melse v. A. C. Co.*, 42 Wash. 356, 84 Pac. 1127; *Newcomb v. N. Y. C. & H. Ry. Co.*, 182 Mo. 687, 81 S. W. 1069; *Wimber v. I. C. Ry. Co.*, 114 Iowa, 551, 87 N. W. 505.  It may be, however, that the jury was prejudicially influenced against the defendant by being permitted to take with them to the jury room for their consideration, the second amended petition, answer, and reply, on which the case was tried.  This often has been held to be error.  *Myer v. Moon*, 45 Kan. 580, 26 Pac. 40; *Ry. Co. v. Martin*, 59 Kan. 437, 53 Pac. 461; *Mt. Terry Min. Co. v. White*, 10 S. D. 620, 74 N. W. 1060; *De Wulf v. Dix*, 110 Iowa, 553, 81 N. W. 779; *Dassler v. Wisley*, 32 Mo. 498; *Blackmore v. Mo. Pac. Ry. Co.*, 162 Mo. 455; 62 S. W. 993.  The pleadings, and particularly the petition, always set out the details of the injury with a harrowing particularity which is seldom entirely supported by the evidence, and the jury may unconsciously have been misled by the state-

ments contained in the pleadings, instead of confining their deliberations to the evidence, as was their duty. With a verdict that satisfied the judgment of the court, and a record otherwise free from error, we would be loath to set aside the verdict upon the last ground, and will not do so if the plaintiff within fifteen days after the mandate is handed down files a *remittitur* for all in excess of $10,000.

A careful review of the evidence pertaining to the injury received convinces the court that the latter sum will constitute full compensation for the injuries received, based upon the evidence as it now stands. If the *remittitur* is not filed within the time stated, the cause will stand reversed and remanded for a new trial.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., concurs in the reasoning, but is of the opinion that the plaintiff is entitled to damages in the sum of $12,500.